1  Troy M. Yoshino, No. 197850
   Matthew J. Kemner, No. 188126
2  Eric J. Knapp, No. 214352
   **CARROLL, BURDICK & McDONOUGH LLP**
3  Attorneys at Law
   44 Montgomery Street, Suite 400
4  San Francisco, CA 94104
   Telephone:    415.989.5900
5  Facsimile:    415.989.0932
   Email:        tyoshino@cbmlaw.com
6                mkemner@cbmlaw.com
                 eknapp@cbmlaw.com
7
   Attorneys for Defendant
8  Mercedes-Benz USA, LLC

9
                           UNITED STATES DISTRICT COURT
10
                          CENTRAL DISTRICT OF CALIFORNIA
11
12                                  WESTERN DIVISION
13
   NADIA KAS, individually, and on          | No. CV-11-1032-VBF-PJWx
14 behalf of a class of similarly situated  |
   individuals,                             | **DISCOVERY MATTER**
15                                          |
                Plaintiff,                  | **DECLARATION OF ERIC J. KNAPP IN
16                                          | SUPPORT OF MERCEDES-BENZ USA,
         v.                                 | LLC'S MOTION TO COMPEL FURTHER
17                                          | RESPONSES TO FIRST SET OF SPECIAL
   MERCEDES-BENZ USA, LLC,                  | INTERROGATORIES, FIRST SET OF
18                                          | REQUESTS FOR ADMISSION, AND FIRST
                Defendant.                  | SET OF REQUESTS FOR PRODUCTION OF
19                                          | DOCUMENTS**
                                            |
20                                          | Discovery Cut-off:    July 13, 2012
                                            | Pretrial Conference:  November 9, 2012
21                                          | Trial:                December 10, 2012
                                            |
22                                          | [ASSIGNED TO HON. PATRICK J. WALSH]

I, Eric J. Knapp, declare and state as follows:

1. I am an attorney duly licensed to practice before the courts of California, and am associated with Carroll, Burdick & McDonough LLP, counsel for Mercedes-Benz USA, LLC ("MBUSA"), in the above-entitled action. The matters referred to in this Declaration are based upon my best personal knowledge and belief and, if called and sworn as a witness, I could and would competently testify as to each of them.

2. On June 1, 2011, MBUSA served on plaintiff Nadia Kas its First Set of Special Interrogatories (a true and correct copy of which is attached hereto as Exhibit A), First Set of Requests for Production (a true and correct copy of which is attached hereto as Exhibit B), and First Set of Requests for Admission (a true and correct copy of which is attached hereto as Exhibit C).

3. On July 8, 2011, plaintiff served Responses to MBUSA's First Set of Special Interrogatories (a true and correct copy of which is attached hereto as Exhibit D), Responses to MBUSA's First Set of Requests for Production (a true and correct copy of which is attached hereto as Exhibit E), and Responses to MBUSA's First Set of Requests for Admission (a true and correct copy of which is attached hereto as Exhibit F).

4. On September 14, 2011, I sent Matthew R. Mendelsohn, counsel for plaintiff, a meet and confer letter regarding plaintiff's deficient responses to MBUSA's above-mentioned discovery requests. A true and correct copy of that letter is attached hereto as Exhibit H. In that letter, I explained that several of plaintiff's discovery responses were deficient and requested a meet and confer to discuss her responses on or before Friday, September 23, 2011. (Ex. H at 4.)

5. On September 21, 2011, having received no response to the September 14 letter, I sent plaintiff's counsel another letter, a true and correct copy of which is attached hereto as Exhibit I, requesting to meet and confer regarding

plaintiff's deficient discovery responses on or before September 23, 2011. (Ex. I at 5.)

6. On Friday, September 23, 2011, plaintiff's counsel Sue Kim sent me an e-mail, a true and correct copy of which is included in Exhibit J, attached hereto, indicating that plaintiff was available to meet and confer on September 29, 2011 to discuss plaintiff's discovery responses. (Ex. J at 6.) In that e-mail, plaintiff's counsel also promised to provide MBUSA with plaintiff's written responses to MBUSA's September 14, 2011 meet and confer letter.

7. Local Civil Rule 37-1 requires "counsel for the opposing party [to] confer with counsel for the moving party within ten (10) days after the moving party serves a letter requesting such conference." Accordingly, plaintiff was required to meet and confer with MBUSA regarding her discovery responses no later than Monday, September 26, 2011.

8. Later in the day on September 23, 2011, I responded to Ms. Kim's e-mail, reminding plaintiff's counsel of their obligation to meet and confer in a timely fashion under L.R. 37-1, and stating that their proposal to meet and confer on September 29 was a violation of that rule. (Ex. J at 5.) A true and correct copy of my responsive e-mail is included in Exhibit J at page 5.

9. Approximately one hour later on September 23, 2011, at 6:30 p.m., plaintiff's counsel Gene Williams sent me an e-mail in which he agreed that plaintiff was required to meet and confer no later than Monday, September 26, 2011. (*Id.* at 4-5.) However, plaintiff's counsel only offered to "begin" a non-conclusive meet and confer on September 26 and asked MBUSA to provide a time when it intended to call. (*Id.*) A true and correct copy of Mr. Williams' e-mail is included in Exhibit J at pages 4-5.

10. On September 25, 2011, I responded to Mr. Williams' e-mail and informed him that plaintiff's offer to conduct a non-conclusive meet and confer on September 26 did not comport with L.R. 37-1, but that MBUSA was nonetheless

1  prepared to grant a continuance if such was appropriate under the circumstances.
2  (*Id.* at 3-4.) I also indicated that I would call him at 1:30 p.m. on September 26 to
3  discuss plaintiff's discovery requests. (*Id.*) A true and correct copy of this
4  responsive e-mail is included in Exhibit J at pages 3-4.

5      11.  On September 26, 2011, in response to my e-mail of the previous
6  day, Mr. Williams sent me an e-mail accusing me of a "lack of professionalism" for
7  having suggested the telephone call the day before. (*Id.* at 3.) He then withdrew
8  the offer to meet and confer within the time required by L.R. 37-1. (*Id.*) A true and
9  correct copy of Mr. Williams' e-mail is included in Exhibit J at page 3.

10     12.  Later that day, I sent plaintiff's counsel an email reminding them of
11 MBUSA's offer to grant a continuance of the meet and confer if one was
12 appropriate under the circumstances. (*Id.* at 1.) A true and correct copy of my e-
13 mail is included in Exhibit J at page 1. Plaintiff's counsel did not respond with a
14 request for such a continuance.

15     13.  On September 30, 2011, despite having refused to conduct a meet
16 and confer on plaintiff's deficient responses to MBUSA's discovery requests within
17 the deadline established by L.R. 37-1, plaintiff's counsel sent MBUSA a one-
18 hundred-and-one page Joint Stipulation on their own discovery and a written
19 response to MBUSA's meet and confer letter, sent over two weeks earlier, on
20 September 14, 2011. A true and correct copy of plaintiff's September 30 letter is
21 attached hereto as Exhibit G.

22     14.  Despite plaintiff's counsel's refusal meet and confer (let alone
23 respond to MBUSA's meet and confer letter) within the time required under L.R.
24 37-1, MBUSA nonetheless agreed to meet and confer with plaintiffs on September
25 30, 2001. Plaintiff's counsel stated that they had been "too busy" to telephonically
26 meet and confer within the L.R. 37-1 deadline, even though they had time to
27 prepare the aforementioned hundred-and-one page Joint Stipulation and an
28 untimely written response to MBUSA's meet and confer letter. MBUSA explained

1  that it did not consider plaintiff's tactic meeting and conferring in good faith.
2  During the belated meet and confer, the parties were unable to reach a resolution on
3  the issues addressed in the accompanying Joint Stipulation.
4      15. A true and correct copy of the Scheduling and Case Management
5  Order for Cases Assigned to Judge Valerie Baker Fairbank, Dkt. # 19, establishing
6  the initial case schedule is attached hereto as Exhibit K.
7      I declare under penalty of perjury under the laws of the United States that
8  the foregoing is true and correct.
9      Executed this 30th day of September, 2011 at San Francisco, California.

By:    /s/ *Eric J. Knapp*
       Eric J. Knapp