# EXHIBIT D

Payam Shahian (State Bar No. 228406)
e-mail: pshahian@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1875 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone: (310) 277-1040
Facsimile: (310) 943-3838

Matthew R. Mendelsohn
David A. Mazie (awaiting *pro hac vice*)
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, NJ 07068
Telephone: (973) 228-9898
Facsimile: (973) 228-0303

Dara Tabesh (State Bar No. 230434)
email: dtabesh@hotmail.com
201 Spear Street, Suite 1100
San Francisco, California 94105
Telephone: (415) 595-9208
Facsimile: (310) 693-9083

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| NADIA KAS, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>Defendant. | Case Number: 11-1032-VBF-PJWx<br><br>PLAINTIFF NADIA KAS'S RESPONSES TO DEFENDANT MERCEDES-BENZ USA, LLC'S SPECIAL INTERROGATORIES, SET ONE |

Case No.: 11-1032-VBF-PJWx

PLAINTIFF NADIA KAS'S RESPONSES TO DEFENDANT
MERCEDES-BENZ USA, LLC's SPECIAL INTERROGATORIES, SET ONE

| | |
|---|---|
| 1 | ASKING PARTY:           Defendant, MERCEDES-BENZ USA, LLC |
| 2 | RESPONDING PARTY:   Plaintiff, NADIA KAS |
| 3 | SET NUMBER:             ONE |
| 4 | |

5   Pursuant to Rule 33 of The Federal Rules of Civil Procedure and Local
6   Rule 33-2, Plaintiff NADIA KAS hereby responds and objects to Defendant
7   MERCEDES-BENZ USA, LLC's Special Interrogatories, Set One, without
8   waiving further discovery or the right to present any subsequently discovered
9   evidence at the time of trial or any hearing in this matter.

10   This introduction applies to each and every response herein and shall be
11   incorporated by this reference as though set forth in full to each and every
12   response. The following responses will be based solely upon facts, issues,
13   documents and other information in the possession, custody, or control of
14   Plaintiff at the time of the preparation of these responses.

15   Discovery will continue as long as permitted by statute, order of the court,
16   or stipulation of parties, and investigation by Plaintiff shall continue to and
17   through trial on this matter, and any further prosecution of this matter. Plaintiff
18   therefore specifically reserves the right to introduce any evidence from whatever
19   source which may hereinafter be discovered. If any information or objections
20   have been unintentionally omitted from these responses, Plaintiff specifically
21   reserves the right to apply for relief so as to permit the introduction of the omitted
22   information or objections.

23

24   ## PRELIMINARY STATEMENT

25   The responding party has not yet fully completed his investigation of the
26   facts relating to this case, has not yet completed his discovery in this case, and has
27   not fully completed his preparation for trial. Therefore, all responses contained
28   herein are based only upon such information and documents which are presently

Case No. 11-1032-VBF-PJWx                    Page 1

1    available to, and specifically known to this responding party, and disclose only
2    those contentions which presently occur to this responding party.
3        It is anticipated that further discovery, independent investigation, legal
4    research and analysis will supply additional facts, add meaning to the known
5    facts, as well as establish entirely new factual conclusions and legal contentions,
6    all of which may lead to substantial additions to, changes in, and variations from
7    the contentions set forth herein below.
8        Therefore, the following responses and production are given without
9    prejudice to this responding party's right to produce evidence of any subsequent
10   fact or facts which this responding party may later recall.  Accordingly, this
11   responding party expressly reserves the right to change and/or supplement any
12   and all responses herein as additional facts are ascertained, analyses are made,
13   legal research is completed and contentions are developed, pursuant to Rule 33 of
14   The Federal Rules of Civil Procedure and Local Rule 33-2.
15       Responses contained herein are made in a good faith effort to supply as
16   much factual information, and as much specification of legal contentions, as is
17   presently known, but in no way be to the prejudice of this responding party in
18   relation to further discovery, research or analysis.
19
20                          **GENERAL OBJECTIONS**
21       Plaintiff makes the following General Objections to each and every
22   Request:
23       1.       Plaintiff objects to the Interrogatories insofar as they seek
24   information that is protected from discovery by any applicable privilege, doctrine
25   or immunity, including without limitation, the attorney-client privilege and the
26   attorney work product doctrine, and information that is subject to the right of
27   privacy guaranteed by Article 1, Section 1 of the California Constitution and the
28   constitutional, statutory or decisional law of the United States, the State of

Case No. 11-1032-VBF-PJWx                    Page 2

1    California and all other relevant jurisdictions.  Plaintiff does not deem the

2    Interrogatories to seek such information and will not disclose such information in

3    response to the Interrogatories.

4         2.     Plaintiff objects to the Interrogatories on the ground that they seek

5    information neither relevant to the subject matter or this action and are not

6    reasonably calculated to lead to the discovery of admissible evidence.

7         3.     All specific references are provided without a waiver of and with

8    express reservations of: (a) all objections to competency, relevancy, materiality

9    and admissibility of the responses and the subject matter thereof as evidence for

10    any purpose in any further proceedings in this action, including motions for

11    summary judgment or summary adjudication of issues, and the trial of this action,

12    or any other action; (b) all privileges and the attorney work product doctrine; (c)

13    the right to object to the use of such responses, of the subject matter thereof, on

14    any ground in any further proceedings in this action; and (d) the right to object on

15    any ground at any time to a demand or request for further responses to these or

16    any other requests or discovery proceedings.

17         4.     These responses and objections are based upon information

18    reasonably available to Plaintiff in his investigation to date and are subject to

19    further investigation, discovery, supplementation and amendment.

20

21                   **RESPONSES AND OBJECTIONS**

22

23    **INTERROGATORY NO. 1.**

24         IF YOU contend the CLASS VEHICLES contain a "radiator defect" as

25    alleged in the COMPLAINT, IDENTIFY all parts or components and describe all

26    facts relating to YOUR contention that they are "defective." *See, e.g.,* Compl. ¶ 3.

27    **RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

28

| | |
|---|---|
| 1 | Plaintiff incorporates by reference as though fully set forth herein the |
| 2 | General Objections set forth above.  Plaintiff objects to this interrogatory on the |
| 3 | grounds that it is overly broad.  Plaintiff objects to this interrogatory to the extent |
| 4 | it seeks information that is not within Plaintiff's possession, custody or control. |
| 5 | Plaintiff objects to this interrogatory to the extent the requested information is in |
| 6 | the sole possession, custody, or control of Defendant, its dealers, who are its |
| 7 | agents for vehicle repairs in California, and Defendant's parent and sister |
| 8 | companies, including Daimler AG.  Defendant is the distributor and servicer of |
| 9 | the subject vehicles in the United States and, pursuant to the Song-Beverly Act, |
| 10 | has access to all design documents concerning the vehicles and is fully aware of |
| 11 | the parts or components that comprise the vehicle's radiator.  Plaintiff objects to |
| 12 | this interrogatory to the extent it seeks to limit the alleged radiator defect to |
| 13 | Defendant's interpretation of the DTB.  Plaintiff objects to this interrogatory to |
| 14 | the extent it seeks expert testimony.  Plaintiff objects to the interrogatory to the |
| 15 | extent it seeks Plaintiff to speculate.  Plaintiff objects to this interrogatory to the |
| 16 | extent it seeks information protected by the attorney-client privilege and/or work |
| 17 | product doctrine.  Plaintiff also objects to this request as premature.  Discovery |
| 18 | has just begun and Plaintiff has not yet fully completed her investigation. |
| 19 | Subject to and without waiving the foregoing responses, Plaintiff responds |
| 20 | as follows:  The Class Vehicles contain radiators manufactured by Valeo which |
| 21 | contain an internal transmission oil/fluid cooler ("Cooler").  As a result of a |
| 22 | defect in design, manufacturing and/or material, the Cooler fails, allowing |
| 23 | radiator coolant to mix with the transmission fluid and vice versa.  When this |
| 24 | occurs the radiator coolant infects the transmission, torque converter, |
| 25 | transmission control module and other drivetrain components resulting in |
| 26 | extensive damage.  Plaintiff contends that the radiators are defective because |
| 27 | they are supposed to prevent coolant from infiltrating the transmission fluid and |
| 28 | |

Case No. 11-1032-VBF-PJWx                    Page 4

1    causing damage to drivetrain components.  Plaintiff's investigation and

2    discovery is continuing.

3    **INTERROGATORY NO. 2.**

4         If YOU contend the SUBJECT VEHICLE contains a "radiator defect" as

5    alleged in the COMPLAINT, IDENTIFY all parts or components comprising the

6    alleged "radiator defect" in the SUBJECT VEHICLE.

7    **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

8         Plaintiff incorporates by reference as though fully set forth herein the

9    General Objections set forth above.  Plaintiff objects to this interrogatory on the

10    grounds that it is overly broad.  Plaintiff objects to this interrogatory to the extent

11    it seeks information that is not within Plaintiff's possession, custody or control.

12    Plaintiff objects to this interrogatory to the extent the requested information is in

13    the sole possession, custody, or control of Defendant, its dealers, who are its

14    agents for vehicle repairs in California, and Defendant's parent and sister

15    companies, including Daimler AG. Defendant is the distributor and servicer of

16    the subject vehicles in the United States and, pursuant to the Song-Beverly Act,

17    has access to all design documents concerning the vehicles and is fully aware of

18    the parts or components that comprise the vehicle's radiator.  Plaintiff objects to

19    this interrogatory to the extent it seeks to limit the alleged radiator defect to

20    Defendant's interpretation of the DTB.  Plaintiff objects to this interrogatory to

21    the extent it seeks expert testimony.  Plaintiff objects to the interrogatory to the

22    extent it seeks Plaintiff to speculate.  Plaintiff objects to this interrogatory to the

23    extent it seeks information protected by the attorney-client privilege and/or work

24    product doctrine.  Plaintiff also objects to this request as premature.  Discovery

25    has just begun and Plaintiff has not yet fully completed her investigation.

26         Subject to and without waiving the foregoing responses, Plaintiff responds

27    as follows:  Subject to and without waiving the foregoing responses, Plaintiff

28    responds as follows:  The Class Vehicles contain radiators manufactured by

Case No. 11-1032-VBF-PJWx       Page 5

1    Valeo which contain an internal transmission oil/fluid cooler ("Cooler").  As a

2    result of a defect in design, manufacturing and/or material, the Cooler fails,

3    allowing radiator coolant to mix with the transmission fluid and vice versa.

4    When this occurs the radiator coolant infects the transmission, torque converter,

5    transmission control module and other drivetrain components resulting in

6    extensive damage.  Plaintiff contends that the radiators are defective because

7    they are supposed to prevent coolant from infiltrating the transmission fluid and

8    causing damage to drivetrain components.  By way of further response, Plaintiff

9    also refers Defendant documents produced in response to Defendant's Request

10   for Production of Documents, Set One.

11        Plaintiff's investigation and discovery is continuing.

12   **INTERROGATORY NO. 3.**

13        IDENTIFY all "premature breakdowns[,] mechanical failures," and other

14   damage to the SUBJECT VEHICLE that YOU contend have occurred because of

15   the alleged "radiator defect," including but not limited to the those alleged in the

16   COMPLAINT. *See, e.g.,* Compl. ¶¶ 5-6, 23-24.

17   **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

18        Plaintiff incorporates by reference as though fully set forth herein the

19   General Objections set forth above.  Plaintiff objects to this interrogatory on the

20   grounds that it is overly broad.  Plaintiff objects to this interrogatory to the extent

21   it seeks information that is not within Plaintiff's possession, custody or control.

22   Plaintiff objects to this interrogatory to the extent the requested information is in

23   the sole possession, custody, or control of Defendant, its dealers, who are its

24   agents for vehicle repairs in California, and Defendant's parent and sister

25   companies, including Daimler AG. Defendant is the distributor and servicer of

26   the subject vehicles in the United States and, pursuant to the Song-Beverly Act,

27   is obligated to keep the requested information.  Plaintiff objects to this

28   interrogatory to the extent it seeks to limit the alleged radiator defect to

Case No. 11-1032-VBF-PJWx                    Page 6

1  Defendant's interpretation of the DTB.  Plaintiff objects to this interrogatory to

2  the extent it seeks expert testimony.  Plaintiff objects to the interrogatory to the

3  extent it seeks Plaintiff to speculate.  Plaintiff objects to this interrogatory to the

4  extent it seeks information protected by the attorney-client privilege and/or work

5  product doctrine.

6      Subject to and without waiving the foregoing responses, Plaintiff responds

7  as follows:  On several occasions during plaintiff's ownership of the subject

8  vehicle,. including during the 4 year/50,000 miles warranty, she experienced

9  vehicle performance problems.  These problems culminated in her vehicle jerking

10  when changing gears and other related issues.  Evaluation and testing conducted

11  by Defendant's agent and authorized service center, Mercedes-Benz of Beverly

12  Hills revealed that plaintiff's vehicle was suffering from the Radiator Defect.  By

13  way of further responses, Plaintiff refers Defendant to the document produced

14  herein.

15  **INTERROGATORY NO. 4.**

16      For each premature breakdown, mechanical failure, and other item of

17  damage YOU IDENTIFY in response to Interrogatory No.3, identify the specific

18  parte(s) or component(s) of the radiator YOU allege to be defective and

19  responsible, in whole or in part, for causing such premature breakdown,

20  mechanical failure, or other item of damage, including, but not limited to any of

21  the causes described in the Technical Service Bulletin referenced in paragraphs 9-

22  13, 55-60, and 65 of the COMPLAINT.

23  **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

24      Plaintiff incorporates by reference as though fully set forth herein the

25  General Objections set forth above.  Plaintiff objects to this interrogatory on the

26  grounds that it is overly broad.  Plaintiff objects to this interrogatory to the extent

27  it seeks information that is not within Plaintiff's possession, custody or control.

28  Plaintiff objects to this interrogatory to the extent the requested information is in

Case No. 11-1032-VBF-PJWx          Page 7

1 the sole possession, custody, or control of Defendant, its dealers, who are its

2 agents for vehicle repairs in California, and Defendant's parent and sister

3 companies, including Daimler AG. Defendant is the distributor and servicer of

4 the subject vehicles in the United States and, pursuant to the Song-Beverly Act,

5 is obligated to keep the requested information. Plaintiff objects to this

6 interrogatory to the extent it seeks to limit the alleged radiator defect to

7 Defendant's interpretation of the DTB. Plaintiff objects to this interrogatory to

8 the extent it seeks expert testimony. Plaintiff objects to the interrogatory to the

9 extent it seeks Plaintiff to speculate. Plaintiff objects to this interrogatory to the

10 extent it seeks information protected by the attorney-client privilege and/or work

11 product doctrine.

12      Subject to and without waiving the foregoing responses, Plaintiff responds

13 as follows: The Class Vehicles contain radiators manufactured by Valeo which

14 contain an internal transmission oil/fluid cooler ("Cooler"). As a result of a defect

15 in design, manufacturing and/or material, the Cooler fails, allowing radiator

16 coolant to mix with the transmission fluid and vice versa. When this occurs the

17 radiator coolant infects the transmission, torque converter, transmission control

18 module and other drivetrain components resulting in extensive damage. Plaintiff

19 contends that the radiators are defective because they are supposed to prevent

20 coolant from infiltrating the transmission fluid and causing damage to drivetrain

21 components. By way of further response, Plaintiff refers Defendant to documents

22 produced in response to Defendant's Request for Production of Documents. Th

23 **INTERROGATORY NO. 5.**

24      For each part or component that YOU IDENTIFY in YOUR responses to

25 Interrogatories Nos. 1, 2, and 4, state all facts CONCERNING YOUR contention

26 that the part(s) or component(s) are defective in "design and/or manufacturing,

27 including but not limited to any standard, measure, or criteria used by YOU as

28 support for YOUR contention that the part(s) or component(s) are defective. If

Case No. 11-1032-VBF-PJWx         Page 8

1    YOU are not basing YOUR contention on any standard, measure, or objective

2    criteria, please so state.

3    **RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

4           Plaintiff incorporates by reference as though fully set forth herein the

5    General Objections set forth above.  Plaintiff objects to this interrogatory on the

6    grounds that it is overly broad.  Plaintiff objects to this interrogatory to the extent

7    it seeks information that is not within Plaintiff's possession, custody or control.

8    Plaintiff objects to this interrogatory to the extent the requested information is in

9    the sole possession, custody, or control of Defendant, its dealers, who are its

10   agents for vehicle repairs in California, and Defendant's parent and sister

11   companies, including Daimler AG.  Defendant is the distributor and servicer of

12   the subject vehicles in the United States and, pursuant to the Song-Beverly Act,

13   is obligated to keep the requested information.  Plaintiff objects to this

14   interrogatory to the extent it seeks to limit the alleged radiator defect to

15   Defendant's interpretation of the DTB.  Plaintiff objects to this interrogatory to

16   the extent it seeks expert testimony.  Plaintiff objects to the interrogatory to the

17   extent it seeks Plaintiff to speculate.  Plaintiff objects to this interrogatory to the

18   extent it seeks information protected by the attorney-client privilege and/or work

19   product doctrine.

20          Subject to and without waiving the foregoing responses, Plaintiff responds

21   as follows: Based on Plaintiff's lay opinion, vehicles are designed to keep radiator

22   coolant from mixing with the transmission fluid which could cause premature

23   breakdown of the transmission and other drivetrain components.  Plaintiff will

24   further respond by way of expert testimony.   By way of further response,

25   Plaintiff also refers Defendant to documents produced in response to Defendant's

26   Request for Production of Documents, Set One.

27          Plaintiff's investigation and discovery is continuing.

28   **INTERROGATORY NO. 6:**

Case No. 11-1032-VBF-PJWx                    Page 9

1   If YOU contend that YOU incurred any out-of-pocket loss attributable to

2   the alleged "radiator defect" in the SUBJECT VEHICLE, state all facts

3   CONCERNING YOUR contention and IDENTIFY all supporting DOCUMENTS.

4   **RESPONSE TO INTERROGATORY NO. 6:**

5   Plaintiff incorporates by reference as though fully set forth herein the

6   General Objections set forth above.  Plaintiff objects to this interrogatory on the

7   grounds that it is overly broad.  Plaintiff objects to this interrogatory to the extent

8   it seeks information that is not within Plaintiff's possession, custody or control.

9   Plaintiff objects to this interrogatory to the extent the requested information is in

10   the sole possession, custody, or control of Defendant, its dealers, who are its

11   agents for vehicle repairs in California, and Defendant's parent and sister

12   companies, including Daimler AG.  Defendant is the distributor and servicer of

13   the subject vehicles in the United States and, pursuant to the Song-Beverly Act,

14   is obligated to keep the requested information.  Plaintiff objects to this

15   interrogatory to the extent it seeks to limit the alleged radiator defect to

16   Defendant's interpretation of the DTB.  Plaintiff objects to this interrogatory to

17   the extent it seeks expert testimony.  Plaintiff objects to the interrogatory to the

18   extent it seeks Plaintiff to speculate.  Plaintiff objects to this interrogatory to the

19   extent it seeks information protected by the attorney-client privilege and/or work

20   product doctrine.

21   Subject to and without waiving the foregoing responses, Plaintiff responds

22   as follows: Plaintiff identifies all the service records in her possession which

23   Plaintiff produced in Response to Defendant's Special Interrogator, Set One.  In

24   addition, Plaintiff was advised by Mercedes of Beverly Hills that she has to pay an

25   additional $8,000 to replace the transmission which has been damaged due to the

26   Radiator Defect.

27   Plaintiff's investigation and discovery is continuing.

28

Case No. 11-1032-VBF-PJWx                     Page 10

**INTERROGATORY NO. 7.**

If YOU contend that the alleged "radiator defect" constitutes a safety-related defect that can "contribut[e] to traffic accidents, which can result in personal injury or death," as alleged in paragraph 6 of the COMPLAINT, state all facts CONCERNING YOUR contention and IDENTIFY all actual accidents, if any, including those that have resulted in personal injury or death, if any.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Plaintiff incorporates by reference as though fully set forth herein the General Objections set forth above. Plaintiff objects to this interrogatory on the grounds that it is overly broad. Plaintiff objects to this interrogatory to the extent it seeks information that is not within Plaintiff's possession, custody or control. Plaintiff objects to this interrogatory to the extent the requested information is in the sole possession, custody, or control of Defendant, its dealers, who are its agents for vehicle repairs in California, and Defendant's parent and sister companies, including Daimler AG. Defendant is the distributor and servicer of the subject vehicles in the United States and, pursuant to the Song-Beverly Act, is obligated to keep the requested information. Plaintiff objects to this interrogatory to the extent it seeks to limit the alleged radiator defect to Defendant's interpretation of the DTB. Plaintiff objects to this interrogatory to the extent it seeks expert testimony. Plaintiff objects to the interrogatory to the extent it seeks Plaintiff to speculate. Plaintiff objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff also objects to this request as premature. Discovery has just begun and Plaintiff has not yet fully completed her investigation.

Subject to and without waiving the foregoing responses, Plaintiff responds as follows: As a result of the Radiator Defect the Class Vehicles can suffer premature breakdowns and mechanical failures, including but not limited to loss of forward propulsion, acceleration surging, significant delays in acceleration,

Case No. 11-1032-VBF-PJWx                         Page 11

1    stalling, and the inability to use the transmission gears.   These conditions present

2    a safety hazard because of sudden and unexpected breakdowns and mechanical

3    failures that Class Vehicles can experience while in operation.  Thus, the Class

4    Vehicles and their transmissions (among other things) can fail, suddenly and

5    unexpectedly, at any time and under any driving condition or speed, thereby

6    contributing to traffic accidents, which can result in personal injury or death.

7    Plaintiff is unaware of any specific accidents caused by the radiator defect,

8    however, a review of the complaints online and on the NHTSA website confirms

9    that the Radiator Defect poses a safety issue:

10    THE CONTACT OWNS A 2002 MERCEDES BENZ C230. ON OCTOBER 15,
11    2008, WHILE DRIVING 65 MPH, THE VEHICLE SUDDENLY
DECELERATED TO 15 MPH ON ITS OWN. THE VEHICLE WAS TOWED
12    TO THE GARAGE. IT WAS DIAGNOSED THAT THE RADIATOR FAILED
AND COOLANT FLUID PENETRATED THE TRANSMISSION RESERVED
13    FLUID. THE MECHANIC REPLACED THE RADIATOR AND CLEANED
14    THE TRANSMISSION AT THE COST OF $5,000. THE MECHANIC STATED
THAT THE TRANSMISSION WILL EVENTUALLY ALSO NEED TO BE
15    REPLACED.

16

17    ON A 2003 C 320 MBNZ, THE RADIATOR NOW LEAKS INTO THE
TRANSMISSION. THIS IS GOING TO REQUIRE THE RADIATOR TO BE
18    REPLACED AND FOR THE TRANSMISSION TO BE FLUSHED. THIS
LEAKING RADIATOR FLUID COULD HAVE ALREADY DAMAGED THE
19    TRANSMISSION, AND IF SO, IT WILL HAVE TO BE REPLACED. THIS
20    PROBLEM CAUSES A LACK OF POWER AND THEREFORE A LOSS OF
ACCELERATION. IT HAPPENS WITHOUT ANY WARNING, OFTEN
21    LEAVING YOU VULNERABLE DUE TO THE LOSS OF POWER, A
22    POTENTIAL ACCIDENT WAITING TO HAPPEN. *TR

23
       Plaintiff's investigation and discovery is continuing.
24

25    **INTERROGATORY NO. 8.**

26       State all facts CONCERNING YOUR contention that "[h]undreds, if not

27    thousands, of purchasers and lessees of the Class Vehicles have experienced the

28

1   Radiator Defect and the associated safety risks and hazards" and IDENTIFY all

2   supporting DOCUMENTS. Compl. ¶ 43.

3   **RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

4        Plaintiff incorporates by reference as though fully set forth herein the

5   General Objections set forth above.  Plaintiff objects to this interrogatory on the

6   grounds that it is overly broad.  Plaintiff objects to this interrogatory to the extent

7   it seeks information that is not within Plaintiff's possession, custody or control.

8   Plaintiff objects to this interrogatory to the extent the requested information is in

9   the sole possession, custody, or control of Defendant, its dealers, who are its

10  agents for vehicle repairs in California, and Defendant's parent and sister

11  companies, including Daimler AG.  Defendant is the distributor and servicer of

12  the subject vehicles in the United States and, pursuant to the Song-Beverly Act,

13  is obligated to keep the requested information.  Plaintiff objects to this

14  interrogatory to the extent it seeks to limit the alleged radiator defect to

15  Defendant's interpretation of the DTB.  Plaintiff objects to this interrogatory to

16  the extent it seeks expert testimony.  Plaintiff objects to the interrogatory to the

17  extent it seeks Plaintiff to speculate.  Plaintiff objects to this interrogatory to the

18  extent it seeks information protected by the attorney-client privilege and/or work

19  product doctrine.

20        Subject to and without waiving the foregoing responses, Plaintiff responds

21  as follows:  A review of the complaints online and on the NHTSA website

22  confirms that the Radiator Defect poses a safety issue:

23  THE CONTACT OWNS A 2002 MERCEDES BENZ C230. ON OCTOBER 15,
24  2008, WHILE DRIVING 65 MPH, THE VEHICLE SUDDENLY
    DECELERATED TO 15 MPH ON ITS OWN. THE VEHICLE WAS TOWED
25  TO THE GARAGE. IT WAS DIAGNOSED THAT THE RADIATOR FAILED
    AND COOLANT FLUID PENETRATED THE TRANSMISSION RESERVED
26  FLUID. THE MECHANIC REPLACED THE RADIATOR AND CLEANED
27  THE TRANSMISSION AT THE COST OF $5,000. THE MECHANIC STATED

28

Case No. 11-1032-VBF-PJWx              Page 13

1   THAT THE TRANSMISSION WILL EVENTUALLY ALSO NEED TO BE
2   REPLACED.

3       ON A 2003 C 320 MBNZ, THE RADIATOR NOW LEAKS INTO THE
4   TRANSMISSION. THIS IS GOING TO REQUIRE THE RADIATOR TO BE
5   REPLACED AND FOR THE TRANSMISSION TO BE FLUSHED. THIS
6   LEAKING RADIATOR FLUID COULD HAVE ALREADY DAMAGED THE
7   TRANSMISSION, AND IF SO, IT WILL HAVE TO BE REPLACED. THIS
8   PROBLEM CAUSES A LACK OF POWER AND THEREFORE A LOSS OF
9   ACCELERATION. IT HAPPENS WITHOUT ANY WARNING, OFTEN
10  LEAVING YOU VULNERABLE DUE TO THE LOSS OF POWER, A
11  POTENTIAL ACCIDENT WAITING TO HAPPEN. *TR

12      Plaintiff's investigation and discovery is continuing.

13  **INTERROGATORY NO. 9.**

14      If YOU contend that MBUSA "knew or should have known" of an alleged
15  safety-related defect attributable to the "radiator defect" of the SUBJECT
16  VEHICLE and CLASS VEHICLES as alleged in paragraph 8 of the
17  COMPLAINT, state all facts CONCERNING YOUR contention, including, but
18  not limited to, (a) when MBUSA knew or should have known of the alleged
19  defect; (b) when MBUSA knew or should have known that the alleged defect was
20  safety-related; (c) all facts you contend MBUSA knew or should have known that
21  would have informed it that the alleged defect was safety-related; and (d) the
22  IDENTITY of all persons at MBUSA that possessed such knowledge.

23  **RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

24      Plaintiff incorporates by reference as though fully set forth herein the
25  General Objections set forth above. Plaintiff objects to this interrogatory on the
26  grounds that it is overly broad. Plaintiff objects to this interrogatory to the extent
27  it seeks information that is not within Plaintiff's possession, custody or control.
28  Plaintiff objects to this interrogatory to the extent the requested information is in

Case No. 11-1032-VBF-PJWx        Page 14

1   the sole possession, custody, or control of Defendant, its dealers, who are its

2   agents for vehicle repairs in California, and Defendant's parent and sister

3   companies, including Daimler AG. Defendant is the distributor and servicer of

4   the subject vehicles in the United States and, pursuant to the Song-Beverly Act,

5   is obligated to keep the requested information. Plaintiff objects to this

6   interrogatory to the extent it seeks to limit the alleged radiator defect to

7   Defendant's interpretation of the DTB. Plaintiff objects to this interrogatory to

8   the extent it seeks expert testimony. Plaintiff objects to the interrogatory to the

9   extent it seeks Plaintiff to speculate. Plaintiff objects to this interrogatory to the

10  extent it seeks information protected by the attorney-client privilege and/or work

11  product doctrine. Plaintiff also objects to this request as premature. Discovery

12  has just begun and Plaintiff has not yet fully completed her investigation.

13         Subject to and without waiving the foregoing responses, Plaintiff responds

14  as follows: internal tests, lemon law complaints, consumer complaints and

15  warranty repairs concerning the Class Vehicles and other Mercedes-Benz vehicles

16  that were equipped with the same or substantially the same radiator, information

17  collected from its technicians, and other internal sources of data.

18         Plaintiff investigation and discovery is continuing.

19  **INTERROGATORY NO. 10.**

20         If YOU contend that MBUSA "actively concealed" from plaintiff and the

21  putative class "at the time of purchase or lease and thereafter" the alleged "radiator

22  defect" in the SUBJECT VEHICLE and CLASS VEHICLES as alleged in

23  paragraph 8 and 44 of the COMPLAINT, state all facts CONCERNING YOUR

24  contention including, but not limited to: (a) when MBUSA actively concealed the

25  alleged defect; (b) how MBUSA actively concealed the alleged defect; and (c) the

26  IDENTITY of all persons at MBUSA who actively concealed the alleged defect.

27  **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

28

Case No. 11-1032-VBF-PJWx                    Page 15

1   Plaintiff incorporates by reference as though fully set forth herein the

2   General Objections set forth above.  Plaintiff objects to this interrogatory on the

3   grounds that it is overly broad.  Plaintiff objects to this interrogatory to the extent

4   it seeks information that is not within Plaintiff's possession, custody or control.

5   Plaintiff objects to this interrogatory to the extent the requested information is in

6   the sole possession, custody, or control of Defendant, its dealers, who are its

7   agents for vehicle repairs in California, and Defendant's parent and sister

8   companies, including Daimler AG.  Defendant is the distributor and servicer of

9   the subject vehicles in the United States and, pursuant to the Song-Beverly Act,

10  is obligated to keep the requested information.  Plaintiff objects to this

11  interrogatory to the extent it seeks to limit the alleged radiator defect to

12  Defendant's interpretation of the DTB.  Plaintiff objects to this interrogatory to

13  the extent it seeks expert testimony.  Plaintiff objects to the interrogatory to the

14  extent it seeks Plaintiff to speculate.  Plaintiff objects to this interrogatory to the

15  extent it seeks information protected by the attorney-client privilege and/or work

16  product doctrine.  Plaintiff also objects to this request as premature.  Discovery

17  has just begun and Plaintiff has not yet fully completed her investigation.

18  Plaintiff also objects to this Interrogatory to the extend it asks for a legal

19  conclusion.

20      Subject to and without waiving the foregoing responses, Plaintiff refers

21  Defendant to documents produced in response to Defendant's Request for

22  Production of Documents, Set One.  Additionally, Defendant concealed the

23  alleged Defendant from Plaintiff at the time of sale and repair and thereafter.

24  Indeed, Defendant continues to conceal the nature of defect to this date.

25      Plaintiff's investigation and discovery is continuing.

26  **INTERROGATORY NO. 11.**

27      If YOU contend that MBUSA had a duty to disclose to YOU and the

28  putative class the alleged "radiator defect" in the SUBJECT VEHICLE and

Case No. 11-1032-VBF-PJWx          Page 16

1   CLASS VEHICLES as alleged in paragraph 8 of the COMPLAINT, state all facts

2   CONCERNING YOUR contention including, but not limited to, the precise

3   event(s), fact(s), and circumstance(s) that YOU contend gave rise to MBUSA's

4   duty to disclose.

5   **RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

6           Plaintiff incorporates by reference as though fully set forth herein the

7   General Objections set forth above.  Plaintiff objects to this interrogatory on the

8   grounds that it is overly broad.  Plaintiff objects to this interrogatory to the extent

9   it seeks information that is not within Plaintiff's possession, custody or control.

10  Plaintiff objects to this interrogatory to the extent the requested information is in

11  the sole possession, custody, or control of Defendant, its dealers, who are its

12  agents for vehicle repairs in California, and Defendant's parent and sister

13  companies, including Daimler AG.  Defendant is the distributor and servicer of

14  the subject vehicles in the United States and, pursuant to the Song-Beverly Act,

15  is obligated to keep the requested information.  Plaintiff objects to this

16  interrogatory to the extent it seeks to limit the alleged radiator defect to

17  Defendant's interpretation of the DTB.  Plaintiff objects to this interrogatory to

18  the extent it seeks expert testimony.  Plaintiff objects to the interrogatory to the

19  extent it seeks Plaintiff to speculate.  Plaintiff objects to this interrogatory to the

20  extent it seeks information protected by the attorney-client privilege and/or work

21  product doctrine.  Plaintiff also objects to this this request to the extent it asks for

22  a legal conclusion. .  Plaintiff also objects to this request as premature.

23  Discovery has just begun and Plaintiff has not yet fully completed her

24  investigation.

25          Subject to and without waiving the foregoing responses, Plaintiff responds

26  as follows: MBUSA had and has a duty to disclose the Radiator Defect because it

27  is a material fact within its possession and if disclosed would effect a reasonable

28  persons purchasing decision.

Case No. 11-1032-VBF-PJWx                    Page 17

1    Plaintiff's investigation and discover is continuing.

2

3    **INTERROGATORY NO. 12.**

4        If YOU contend that MBUSA had a duty to disclose to YOU and the

5    putative class the alleged "radiator defect" in the SUBJECT VEHICLE and

6    CLASS VEHICLES as alleged in paragraph 8 of the COMPLAINT, state all

7    facts CONCERNING the disclosure(s) that YOU contend MBUSA had a duty to

8    make including, but not limited to: (a) what the specific content of the

9    disclosure(s) should have been; (b) how that disclosure(s) should have been

10   made; and (c) when that disclosure(s) should have been made.

11   **RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

12       Plaintiff incorporates by reference as though fully set forth herein the

13   General Objections set forth above.  Plaintiff objects to this interrogatory on the

14   grounds that it is overly broad.  Plaintiff objects to this interrogatory to the extent

15   it seeks information that is not within Plaintiff's possession, custody or control.

16   Plaintiff objects to this interrogatory to the extent the requested information is in

17   the sole possession, custody, or control of Defendant, its dealers, who are its

18   agents for vehicle repairs in California, and Defendant's parent and sister

19   companies, including Daimler AG.  Defendant is the distributor and servicer of

20   the subject vehicles in the United States and, pursuant to the Song-Beverly Act,

21   is obligated to keep the requested information.  Plaintiff objects to this

22   interrogatory to the extent it seeks to limit the alleged radiator defect to

23   Defendant's interpretation of the DTB.  Plaintiff objects to this interrogatory to

24   the extent it seeks expert testimony.  Plaintiff objects to the interrogatory to the

25   extent it seeks Plaintiff to speculate.  Plaintiff objects to this interrogatory to the

26   extent it seeks information protected by the attorney-client privilege and/or work

27   product doctrine.  Plaintiff also objects to this request as premature.  Discovery

28   has just begun and Plaintiff has not yet fully completed her investigation.

Case No. 11-1032-VBF-PJWx            Page 18

1         Subject to and without waiving the foregoing responses, Plaintiff responds

2   as follows:  Plaintiff is unable to respond to this interrogatory because discovery

3   has just begun and Plaintiff's still not fully aware of all the facts relating to the

4   specificity of the Radiator Defect that Defendant has concealed from Plaintiff and

5   prospective class members.

6         Plaintiff's investigation and discovery is continuing.

7   **INTERROGATORY NO. 13.**

8         State all facts supporting YOUR contention that "[h]ad Plaintiff and the

9   Class known about the defective nature of the Class Vehicles and their radiators,

10   they would not have purchased the Class Vehicles or would have paid less for

11   them." *See, e.g.,* Compl. ¶ 20, 96, 113.

12   **RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

13         Plaintiff incorporates by reference as though fully set forth herein the

14   General Objections set forth above.  Plaintiff objects to this interrogatory on the

15   grounds that it is overly broad.  Plaintiff objects to this interrogatory to the extent

16   it seeks information that is not within Plaintiff's possession, custody or control.

17   Plaintiff objects to this interrogatory to the extent the requested information is in

18   the sole possession, custody, or control of Defendant, its dealers, who are its

19   agents for vehicle repairs in California, and Defendant's parent and sister

20   companies, including Daimler AG.  Defendant is the distributor and servicer of

21   the subject vehicles in the United States and, pursuant to the Song-Beverly Act,

22   is obligated to keep the requested information.  Plaintiff objects to this

23   interrogatory to the extent it seeks to limit the alleged radiator defect to

24   Defendant's interpretation of the DTB.  Plaintiff objects to this interrogatory to

25   the extent it seeks expert testimony.  Plaintiff objects to the interrogatory to the

26   extent it seeks Plaintiff to speculate.  Plaintiff objects to this interrogatory to the

27   extent it seeks information protected by the attorney-client privilege and/or work

28

Case No. 11-1032-VBF-PJWx           Page 19

1   product doctrine. Plaintiff also objects to this request as premature.  Discovery

2   has just begun and Plaintiff has not yet fully completed her investigation.

3        Subject to and without waiving the foregoing responses, Plaintiff responds

4   as follows:  Plaintiff and prospective class members are reasonable consumers.

5   As reasonable consumers Plaintiff and prospective class members would not have

6   purchased the Class Vehicles, or would have paid less for them, had they known

7   about the Radiator Defect and the extensive damage that it causes.

8   **INTERROGATORY NO. 14.**

9        State all facts CONCERNING efforts by YOU or on YOUR behalf to sell

10  or otherwise dispose of the SUBJECT VEHICLE including, but not limited to: (a)

11  any advertisements or written offers to sell the SUBJECT VEHICLE published in

12  newspapers, magazines, leaflets, flyers, or posted on the internet; (b) offers to sell

13  directly to any person or organization, including dealerships or used car dealers;

14  (c) the offer price for the SUBJECT VEHICLE; (d) the price paid for the

15  SUBJECT VEHICLE; and (d) the IDENTITY of all DOCUMENTS

16  CONCERNING such efforts to sell and/or the sale of the SUBJECT VEHICLE.

17  **RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

18       Plaintiff incorporates by reference as though fully set forth herein the

19  General Objections set forth above.  Plaintiff objects to this interrogatory on the

20  grounds that it is overly broad, vague and ambiguous.  Plaintiff objects to this

21  interrogatory to the extent it seeks information that is not within Plaintiff's

22  possession, custody or control.  Plaintiff objects to this interrogatory to the extent

23  it seeks to limit the alleged radiator defect to Defendant's interpretation of the

24  DTB. Plaintiff objects to this interrogatory to the extent it seeks expert

25  testimony. Plaintiff objects to the interrogatory to the extent it seeks Plaintiff to

26  speculate. Plaintiff objects to this interrogatory to the extent it seeks information

27  protected by the attorney-client privilege and/or work product doctrine.

28

Case No. 11-1032-VBF-PJWx                    Page 20

1       Subject to and without waiving the foregoing responses, Plaintiff has not

2   made any attempts to sell the subject vehicle.

3   **INTERROGATORY NO. 15.**

4       State all facts CONCERNING YOUR contention that plaintiff and the

5   members of the putative class "ha[ve] driven [their] vehicle[s] in a foreseeable

6   manner and in the manner in which [they were] intended to be used" and

7   IDENTIFY all supporting DOCUMENTS. (Compl. ¶ 25.)

8   **RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

9       Plaintiff incorporates by reference as though fully set forth herein the

10  General Objections set forth above.  Plaintiff objects to this interrogatory on the

11  grounds that it is overly broad.  Plaintiff objects to this interrogatory to the extent

12  it seeks information that is not within Plaintiff's possession, custody or control.

13  Plaintiff objects to this interrogatory to the extent the requested information is in

14  the sole possession, custody, or control of Defendant, its dealers, who are its

15  agents for vehicle repairs in California, and Defendant's parent and sister

16  companies, including Daimler AG.  Defendant is the distributor and servicer of

17  the subject vehicles in the United States and, pursuant to the Song-Beverly Act,

18  is obligated to keep the requested information.  Plaintiff objects to this

19  interrogatory to the extent it seeks to limit the alleged radiator defect to

20  Defendant's interpretation of the DTB.  Plaintiff objects to this interrogatory to

21  the extent it seeks expert testimony.  Plaintiff objects to the interrogatory to the

22  extent it seeks Plaintiff to speculate.  Plaintiff objects to this interrogatory to the

23  extent it seeks information protected by the attorney-client privilege and/or work

24  product doctrine.  Plaintiff also objects to this request as premature.  Discovery

25  has just begun and Plaintiff has not yet fully completed her investigation.

26  Plaintiff also objects to this interrogatory to extent it seeks information that is in

27  the possession of third parties.

28

Case No. 11-1032-VBF-PJWx                    Page 21

1      Subject to and without waiving the foregoing responses, Plaintiff responds

2    as follows:  Plaintiff refers Defendant to documents Plaintiff produced in response

3    to Defendant's request for production of Documents.   Plaintiff also refers

4    Defendant to complaints of Class Members alleged in his First Amended

5    Complaint.

6       Plaintiff's investigation and discovery is continuing.

7    **INTERROGATORY NO. 16.**

8       State all facts CONCERNING YOUR contention that members of the

9    putative class are "substantially certain to experience problems with the Radiator

10   Defect before the expected useful life of their Class Vehicles has run" and

11   IDENTIFY all supporting DOCUMENTS. (Compl. ¶ 21.)

12   **RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

13      Plaintiff incorporates by reference as though fully set forth herein the

14   General Objections set forth above.  Plaintiff objects to this interrogatory on the

15   grounds that it is overly broad.  Plaintiff objects to this interrogatory to the extent

16   it seeks information that is not within Plaintiff's possession, custody or control.

17   Plaintiff objects to this interrogatory to the extent the requested information is in

18   the sole possession, custody, or control of Defendant, its dealers, who are its

19   agents for vehicle repairs in California, and Defendant's parent and sister

20   companies, including Daimler AG. Defendant is the distributor and servicer of

21   the subject vehicles in the United States and, pursuant to the Song-Beverly Act,

22   is obligated to keep the requested information.  Plaintiff objects to this

23   interrogatory to the extent it seeks to limit the alleged radiator defect to

24   Defendant's interpretation of the DTB.  Plaintiff objects to this interrogatory to

25   the extent it seeks expert testimony.  Plaintiff objects to the interrogatory to the

26   extent it seeks Plaintiff to speculate.  Plaintiff objects to this interrogatory to the

27   extent it seeks information protected by the attorney-client privilege and/or work

28   product doctrine.   Plaintiff also objects to this request as premature. Discovery

Case No. 11-1032-VBF-PJWx       Page 22