# EXHIBIT E



1   Payam Shahian (State Bar No. 228406)
    e-mail: pshahian@slpattorney.com
2   **STRATEGIC LEGAL PRACTICES, APC**
    1875 Century Park East, Suite 700
3   Los Angeles, CA 90067
    Telephone: (310) 277-1040
4   Facsimile:  (310) 943-3838

5   Matthew R. Mendelsohn
    David A. Mazie (awaiting *pro hac vice*)
6   **MAZIE SLATER KATZ & FREEMAN, LLC**
    103 Eisenhower Parkway
7   Roseland, NJ 07068
    Telephone: (973) 228-9898
8   Facsimile: (973) 228-0303

9   Dara Tabesh (State Bar No. 230434)
    email: dtabesh@hotmail.com
10  201 Spear Street, Suite 1100
    San Francisco, California 94105
11  Telephone: (415) 595-9208
    Facsimile: (310) 693-9083

12

13                    UNITED STATES DISTRICT COURT

14       CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

15

16   NADIA KAS, individually, and on          Case Number: 11-1032-VBF-PJWx
17   behalf of a class of similarly situated
     individuals,                             PLAINTIFF NADIA KAS'S
18                                             RESPONSES TO DEFENDANT
19              Plaintiff,                     MERCEDES-BENZ USA, LLC'S
                                               REQUEST FOR PRODUCTION OF
20       v.                                    DOCUMENTS, SET ONE.

21   MERCEDES-BENZ USA, LLC,

22              Defendant.

23

24

25

26

27

28

Case No.: 11-1032-VBF-PJWx

PLAINTIFF NADIA KAS'S RESPONSES TO DEFENDANT
MERCEDES-BENZ USA, LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE.

| 1 | ASKING PARTY: | Defendant, MERCEDES-BENZ USA, LLC |
|---|---|---|
| 2 | RESPONDING PARTY: | Plaintiff, NADIA KAS |
| 3 | SET NUMBER: | ONE |

4

5      Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rule

6   34-1, Plaintiff NADIA KAS hereby responds and objects to Defendant

7   MERCEDES-BENZ USA, LLC's Requests for Production of Documents, Set

8   One, without waiving further discovery or the right to present any subsequently

9   discovered evidence at the time of trial or any hearing in this matter.

10      This introduction applies to each and every response herein and shall be

11   incorporated by this reference as though set forth in full to each and every

12   response. The following responses will be based solely upon facts, issues,

13   documents and other information in the possession, custody, or control of

14   Plaintiff at the time of the preparation of these responses.

15      Discovery will continue as long as permitted by statute, order of the court,

16   or stipulation of parties, and investigation by Plaintiff shall continue to and

17   through trial on this matter, and any further prosecution of this matter. Plaintiff

18   therefore specifically reserves the right to introduce any evidence from whatever

19   source which may hereinafter be discovered. If any information or objections

20   have been unintentionally omitted from these responses, Plaintiff specifically

21   reserves the right to apply for relief so as to permit the introduction of the omitted

22   information or objections.

23

24                         **PRELIMINARY STATEMENT**

25      The responding party has not yet fully completed his investigation of the

26   facts relating to this case, has not yet completed his discovery in this case, and has

27   not fully completed his preparation for trial. Therefore, all responses contained

28   herein are based only upon such information and documents which are presently

Case No. 11-1032-VBF-PJWx                    Page 1

1   available to, and specifically known to this responding party, and disclose only

2   those contentions which presently occur to this responding party.

3        It is anticipated that further discovery, independent investigation, legal

4   research and analysis will supply additional facts, add meaning to the known

5   facts, as well as establish entirely new factual conclusions and legal contentions,

6   all of which may lead to substantial additions to, changes in, and variations from

7   the contentions set forth herein below.

8        Therefore, the following responses and production are given without

9   prejudice to this responding party's right to produce evidence of any subsequent

10  fact or facts which this responding party may later recall. Accordingly, this

11  responding party expressly reserves the right to change and/or supplement any

12  and all responses herein as additional facts are ascertained, analyses are made,

13  legal research is completed and contentions are developed, pursuant to Rule 34 of

14  the Federal Rules of Civil Procedure and Local Rule 34-1.

15       Responses contained herein are made in a good faith effort to supply as

16  much factual information, and as much specification of legal contentions, as is

17  presently known, but in no way be to the prejudice of this responding party in

18  relation to further discovery, research or analysis.

19

20                       **GENERAL OBJECTIONS**

21       Plaintiff makes the following General Objections to each and every

22  Request:

23       1.    Plaintiff objects to the Requests insofar as they seek information that

24  is protected from discovery by any applicable privilege, doctrine or immunity,

25  including without limitation, the attorney-client privilege and the attorney work

26  product doctrine, and information that is subject to the right of privacy guaranteed

27  by Article 1, Section 1 of the California Constitution and the constitutional,

28  statutory or decisional law of the United States, the State of California and all

Case No. 11-1032-VBF-PJWx          Page 2

1  other relevant jurisdictions.  Plaintiff does not deem the Requests to seek such

2  information and will not disclose such information in response to the Requests.

3       2.     Plaintiff objects to the Requests on the ground that they seek

4  information neither relevant to the subject matter or this action and are not

5  reasonably calculated to lead to the discovery of admissible evidence.

6       3.     All specific references are provided without a waiver of and with

7  express reservations of: (a) all objections to competency, relevancy, materiality

8  and admissibility of the responses and the subject matter thereof as evidence for

9  any purpose in any further proceedings in this action, including motions for

10  summary judgment or summary adjudication of issues, and the trial of this action,

11  or any other action; (b) all privileges and the attorney work product doctrine; (c)

12  the right to object to the use of such responses, of the subject matter thereof, on

13  any ground in any further proceedings in this action; and (d) the right to object on

14  any ground at any time to a demand or request for further responses to these or

15  any other requests or discovery proceedings.

16       4.     These responses and objections are based upon information

17  reasonably available to Plaintiff in his investigation to date and are subject to

18  further investigation, discovery, supplementation and amendment.

19

20                         **RESPONSES AND OBJECTIONS**

21  **REQUEST FOR PRODUCTION NO. 1:**

22       All DOCUMENTS CONCERNING the radiators of CLASS VEHICLES,

23  including all part(s) and/or component(s) comprising the radiators of CLASS

24  VEHICLES.

25  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.**

26  **1:**

27       Plaintiff incorporates by reference as though fully set forth herein the

28  General Objections set forth above.     Plaintiff objects to this request on the

Case No. 11-1032-VBF-PJWx        Page 3

1    grounds that it is overly broad, vague and ambiguous.  Plaintiff objects to this
2    request to the extent it seeks documents that are not within Plaintiff's possession,
3    custody or control.  Plaintiff objects to this request to the extent the requested
4    documents are in the sole possession, custody, or control of Defendant, its
5    dealers, who are its agents for vehicle repairs in California, and Defendant's
6    parent and sister companies, including Daimler AG.  Defendant is the distributor
7    and servicer of the subject vehicles in the United States and, pursuant to the
8    Song-Beverly Act, is obligated to keep the requested documents.  Plaintiff
9    objects to this request to the extent it seeks to limit the alleged radiator defect to
10   Defendant's interpretation of the DTB.  Plaintiff objects to this request to the
11   extent it seeks expert testimony.  Plaintiff objects to this request to the extent it
12   seeks Plaintiff to speculate.  Plaintiff objects to this request to the extent it seeks
13   information protected by the attorney-client privilege and/or work product
14   doctrine.  Plaintiff also objects to this request as premature.  Discovery has just
15   begun and Plaintiff has not yet fully completed her investigation.
16          Subject to and without waiving the foregoing objections, Plaintiff responds
17   as follows: Responding party has conducted a diligent search and reasonable
18   inquiry, and will produce the documents currently in responding party's
19   possession, custody and control that are responsive to this demand.  Responding
20   party also refers propounding party to documents in propounding party's
21   possession, custody, and control.  Responding party also refers propounding party
22   to documents in the possession, custody and control of prospective Class
23   Members.
24          Responding party's investigation and discovery are continuing.
25   **REQUEST FOR PRODUCTION NO. 2:**
26          All DOCUMENTS CONCERNING the alleged "radiator defect" in CLASS
27   VEHICLES, including all part(s) or component(s) comprising the alleged
28   "radiator defect" in CLASS VEHICLES. *See, e.g.,* Compl. ¶¶ 2-5, 36-42.

Case No. 11-1032-VBF-PJWx                    Page 4

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

Plaintiff incorporates by reference as though fully set forth herein the General Objections set forth above. Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous. Plaintiff objects to this request to the extent it seeks documents that are not within Plaintiff's possession, custody or control. Plaintiff objects to this request to the extent the requested documents are in the sole possession, custody, or control of Defendant, its dealers, who are its agents for vehicle repairs in California, and Defendant's parent and sister companies, including Daimler AG. Defendant is the distributor and servicer of the subject vehicles in the United States and, pursuant to the Song-Beverly Act, is obligated to keep the requested documents. Plaintiff objects to this request to the extent it seeks to limit the alleged radiator defect to Defendant's interpretation of the DTB. Plaintiff objects to this request to the extent it seeks expert testimony. Plaintiff objects to this request to the extent it seeks Plaintiff to speculate. Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff also objects to this request as premature. Discovery has just begun and Plaintiff has not yet fully completed her investigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Responding party has conducted a diligent search and reasonable inquiry, and will produce the documents currently in responding party's possession, custody and control that are responsive to this demand. Responding party also refers propounding party to documents in propounding party's possession, custody, and control. Responding party also refers propounding party to documents in the possession, custody and control of prospective Class Members. Responding party's investigation and discovery are continuing.

**REQUEST FOR PRODUCTION NO. 3:**

Case No. 11-1032-VBF-PJWx          Page 5

1      All DOCUMENTS CONCERNING the alleged flaw(s) that you contend

2  make the CLASS VEHICLES' radiators defective in "design and/or manufacture."

3  *See, e.g.*, Compl. ¶¶ 3-4, 36-37.

4  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.**

5  **3:**

6      Plaintiff incorporates by reference as though fully set forth herein the

7  General Objections set forth above.  Plaintiff objects to this request on the grounds

8  that it is overly broad.  Plaintiff objects to this request to the extent it seeks

9  documents that are not within Plaintiff's possession, custody or control.  Plaintiff

10  objects to this request to the extent the requested documents are in the sole

11  possession, custody, or control of Defendant, its dealers, who are its agents for

12  vehicle repairs in California, and Defendant's parent and sister companies,

13  including Daimler AG.  Defendant is the distributor and servicer of the subject

14  vehicles in the United States and, pursuant to the Song-Beverly Act, is obligated

15  to keep the requested documents.  Plaintiff objects to this request to the extent it

16  seeks to limit the alleged radiator defect to Defendant's interpretation of the DTB.

17  Plaintiff objects to this request to the extent it seeks expert testimony.  Plaintiff

18  objects to this request to the extent it seeks Plaintiff to speculate.  Plaintiff objects

19  to this request to the extent it seeks information protected by the attorney-client

20  privilege and/or work product doctrine.  Plaintiff also objects to this request as

21  premature.  Discovery has just begun and Plaintiff has not yet fully completed her

22  investigation.

23      Subject to and without waiving the foregoing objections, Plaintiff responds

24  as follows: Responding party has conducted a diligent search and reasonable

25  inquiry, and will produce the documents currently in responding party's

26  possession, custody and control that are responsive to this demand.  Responding

27  party also refers propounding party to documents in propounding party's

28  possession, custody, and control.  Responding party also refers propounding party

Case No. 11-1032-VBF-PJWx      Page 6

1   to documents in the possession, custody and control of prospective Class

2   Members. Responding party's investigation and discovery are continuing.

3   **REQUEST FOR PRODUCTION NO. 4:**

4       All DOCUMENTS CONCERNING any "premature breakdowns[,]

5   mechanical failures," or other damage that have occurred in CLASS VEHICLES

6   because of the alleged "radiator defect" and/or the alleged defects in the CLASS

7   VEHICLES' radiators. *See, e.g.,* Compl. 5-6, 23-24.

8   **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.**

9   **4:**

10      Plaintiff incorporates by reference as though fully set forth herein the

11  General Objections set forth above. Plaintiff objects to this request on the grounds

12  that it is overly broad, vague and ambiguous. Plaintiff objects to this request to

13  the extent it seeks documents that are not within Plaintiff's possession, custody or

14  control. Plaintiff objects to this request to the extent the requested documents are

15  in the sole possession, custody, or control of Defendant, its dealers, who are its

16  agents for vehicle repairs in California, and Defendant's parent and sister

17  companies, including Daimler AG. Defendant is the distributor and servicer of the

18  subject vehicles in the United States and, pursuant to the Song-Beverly Act, is

19  obligated to keep the requested documents. Plaintiff objects to this request to the

20  extent it seeks to limit the alleged radiator defect to Defendant's interpretation of

21  the DTB. Plaintiff objects to this request to the extent it seeks expert testimony.

22  Plaintiff objects to this request to the extent it seeks Plaintiff to speculate.

23  Plaintiff objects to this request to the extent it seeks information protected by the

24  attorney-client privilege and/or work product doctrine. Plaintiff also objects to this

25  request as premature. Discovery has just begun and Plaintiff has not yet fully

26  completed her investigation.

27      Subject to and without waiving the foregoing objections, Plaintiff responds

28  as follows: Responding party has conducted a diligent search and reasonable

Case No. 11-1032-VBF-PJWx          Page 7

1   inquiry, and will produce the documents currently in responding party's

2   possession, custody and control that are responsive to this demand. Responding

3   party also refers propounding party to documents in propounding party's

4   possession, custody, and control. Responding party also refers propounding party

5   to documents in the possession, custody and control of prospective Class

6   Members. Responding party's investigation and discovery are continuing.

7   **REQUEST FOR PRODUCTION NO. 5:**

8       All DOCUMENTS CONCERNING any "premature breakdowns[,]

9   mechanical failures," or other damage that have occurred in the SUBJECT

10  VEHICLE that YOU contend to be the basis for the claims in the COMPLAINT.

11  *See, e.g.,* Compl. ¶¶ 5-6, 23-24.

12  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.**

13  **5:**

14      Plaintiff incorporates by reference as though fully set forth herein the

15  General Objections set forth above. Plaintiff objects to this request on the grounds

16  that it is overly broad. Plaintiff objects to this request to the extent it seeks

17  documents that are not within Plaintiff's possession, custody or control. Plaintiff

18  objects to this request to the extent the requested documents are in the sole

19  possession, custody, or control of Defendant, its dealers, who are its agents for

20  vehicle repairs in California, and Defendant's parent and sister companies,

21  including Daimler AG. Defendant is the distributor and servicer of the subject

22  vehicles in the United States and, pursuant to the Song-Beverly Act, is obligated

23  to keep the requested documents. Plaintiff objects to this request to the extent it

24  seeks to limit the alleged radiator defect to Defendant's interpretation of the DTB.

25  Plaintiff objects to this request to the extent it seeks expert testimony. Plaintiff

26  objects to this request to the extent it seeks Plaintiff to speculate. Plaintiff objects

27  to this request to the extent it seeks information protected by the attorney-client

28  privilege and/or work product doctrine. Plaintiff also objects to this request as

Case No. 11-1032-VBF-PJWx          Page 8

1  premature. Discovery has just begun and Plaintiff has not yet fully completed her
2  investigation.

3      Subject to and without waiving the foregoing objections, Plaintiff responds
4  as follows: Responding party has conducted a diligent search and reasonable
5  inquiry, and will produce the documents currently in responding party's
6  possession, custody and control that are responsive to this demand. Responding
7  party also refers propounding party to documents in propounding party's
8  possession, custody, and control. Responding party also refers propounding party
9  to documents in the possession, custody and control of prospective Class
10  Members. Responding party's investigation and discovery are continuing.

11  **REQUEST FOR PRODUCTION NO. 6:**

12      All DOCUMENTS identifying the part(s) and/or component(s), which you
13  contend are defective and responsible for, in whole or in part, the alleged
14  "premature breakdowns and mechanical failures" in CLASS VEHICLES. *See,*
15  *e.g.,*Compl. ¶ 5

16  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.**
17  **6:**

18      Plaintiff incorporates by reference as though fully set forth herein the
19  General Objections set forth above. Plaintiff objects to this request on the grounds
20  that it is overly broad, vague and ambiguous. Plaintiff objects to this request to
21  the extent it seeks documents that are not within Plaintiff's possession, custody or
22  control. Plaintiff objects to this request to the extent the requested documents are
23  in the sole possession, custody, or control of Defendant, its dealers, who are its
24  agents for vehicle repairs in California, and Defendant's parent and sister
25  companies, including Daimler AG. Defendant is the distributor and servicer of the
26  subject vehicles in the United States and, pursuant to the Song-Beverly Act, is
27  obligated to keep the requested documents. Plaintiff objects to this request to the
28  extent it seeks to limit the alleged radiator defect to Defendant's interpretation of

Case No. 11-1032-VBF-PJWx        Page 9

1    the DTB.  Plaintiff objects to this request to the extent it seeks expert testimony.

2    Plaintiff objects to this request to the extent it seeks Plaintiff to speculate.

3    Plaintiff objects to this request to the extent it seeks information protected by the

4    attorney-client privilege and/or work product doctrine.  Plaintiff also objects to this

5    request as premature.  Discovery has just begun and Plaintiff has not yet fully

6    completed her investigation.

7         Subject to and without waiving the foregoing objections, Plaintiff responds

8    as follows:  Responding party has conducted a diligent search and reasonable

9    inquiry, and will produce the documents currently in responding party's

10   possession, custody and control that are responsive to this demand.  Responding

11   party also refers propounding party to documents in propounding party's

12   possession, custody, and control.  Responding party also refers propounding party

13   to documents in the possession, custody and control of prospective Class

14   Members.  Responding party's investigation and discovery are continuing.

15   **REQUEST FOR PRODUCTION NO. 7:**

16        All DOCUMENTS identifying the part(s) and/or component(s), which you

17   contend are defective and responsible for, in whole or in part, the alleged

18   "premature breakdowns and mechanical failures" in the SUBJECT VEHICLE.

19   *See, 28 e.g.,* Compl. ¶ 5.

20   **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.**

21   **7:**

22        Plaintiff incorporates by reference as though fully set forth herein the

23   General Objections set forth above.  Plaintiff objects to this request on the grounds

24   that it is overly broad, vague and ambiguous.  Plaintiff objects to this request to

25   the extent it seeks documents that are not within Plaintiff's possession, custody or

26   control.  Plaintiff objects to this request to the extent the requested documents are

27   in the sole possession, custody, or control of Defendant, its dealers, who are its

28   agents for vehicle repairs in California, and Defendant's parent and sister

Case No. 11-1032-VBF-PJWx                  Page 10

1   companies, including Daimler AG. Defendant is the distributor and servicer of the

2   subject vehicles in the United States and, pursuant to the Song-Bervely Act, is

3   obligated to keep the requested documents. Plaintiff objects to this request to the

4   extent it seeks to limit the alleged radiator defect to Defendant's interpretation of

5   the DTB. Plaintiff objects to this request to the extent it seeks expert testimony.

6   Plaintiff objects to this request to the extent it seeks Plaintiff to speculate.

7   Plaintiff objects to this request to the extent it seeks information protected by the

8   attorney-client privilege and/or work product doctrine. Plaintiff also objects to this

9   request as premature. Discovery has just begun and Plaintiff has not yet fully

10  completed her investigation.

11          Subject to and without waiving the foregoing objections, Plaintiff responds

12  as follows: Responding party has conducted a diligent search and reasonable

13  inquiry, and will produce the documents currently in responding party's

14  possession, custody and control that are responsive to this demand. Responding

15  party also refers propounding party to documents in propounding party's

16  possession, custody, and control. Responding party also refers propounding party

17  to documents in the possession, custody and control of prospective Class

18  Members. Responding party's investigation and discovery are continuing.

19  **REQUEST FOR PRODUCTION NO. 8:**

20          All DOCUMENTS CONCERNING the standard, measure, or other criteria,

21  if any, that supports YOUR contention that the part(s) or component(s) comprising

22  the CLASS VEHICLES' radiators are defective in design and/or manufacture.

23  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.**

24  **8:**

25          Plaintiff incorporates by reference as though fully set forth herein the

26  General Objections set forth above. Plaintiff objects to this request on the grounds

27  that it is overly broad. Plaintiff objects to this request to the extent it seeks

28  documents that are not within Plaintiff's possession, custody or control. Plaintiff

Case No. 11-1032-VBF-PJWx          Page 11

1   objects to this request to the extent the requested documents are in the sole
2   possession, custody, or control of Defendant, its dealers, who are its agents for
3   vehicle repairs in California, and Defendant's parent and sister companies,
4   including Daimler AG. Defendant is the distributor and servicer of the subject
5   vehicles in the United States and, pursuant to the Song-Beverly Act, is obligated
6   to keep the requested documents. Plaintiff objects to this request to the extent it
7   seeks to limit the alleged radiator defect to Defendant's interpretation of the DTB.
8   Plaintiff objects to this request to the extent it seeks expert testimony. Plaintiff
9   objects to this request to the extent it seeks Plaintiff to speculate. Plaintiff objects
10  to this request to the extent it seeks information protected by the attorney-client
11  privilege and/or work product doctrine. Plaintiff also objects to this request as
12  premature. Discovery has just begun and Plaintiff has not yet fully completed her
13  investigation.
14          Subject to and without waiving the foregoing objections, Plaintiff responds
15  as follows: Responding party has conducted a diligent search and reasonable
16  inquiry, and will produce the documents currently in responding party's
17  possession, custody and control that are responsive to this demand. Responding
18  party also refers propounding party to documents in propounding party's
19  possession, custody, and control. Responding party also refers propounding party
20  to documents in the possession, custody and control of prospective Class
21  Members. Responding party's investigation and discovery are continuing.
22  **REQUEST FOR PRODUCTION NO. 9:**
23          All DOCUMENTS CONCERNING the standard, measure, or other criteria,
24  if any, that supports YOUR contention that the part(s) or component(s)
25  responsible for the alleged "radiator defect" are defective in design and/or
26  manufacture.
27  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.**
28  **9:**

Case No. 11-1032-VBF-PJWx                    Page 12

1    Plaintiff incorporates by reference as though fully set forth herein the
2    General Objections set forth above.  Plaintiff objects to this request on the grounds
3    that it is overly broad, vague and ambiguous.  Plaintiff objects to this request to
4    the extent it seeks documents that are not within Plaintiff's possession, custody or
5    control.  Plaintiff objects to this request to the extent the requested documents are
6    in the sole possession, custody, or control of Defendant, its dealers, who are its
7    agents for vehicle repairs in California, and Defendant's parent and sister
8    companies, including Daimler AG.  Defendant is the distributor and servicer of the
9    subject vehicles in the United States and, pursuant to the Song-Beverly Act, is
10   obligated to keep the requested documents.  Plaintiff objects to this request to the
11   extent it seeks to limit the alleged radiator defect to Defendant's interpretation of
12   the DTB.  Plaintiff objects to this request to the extent it seeks expert testimony.
13   Plaintiff objects to this request to the extent it seeks Plaintiff to speculate.
14   Plaintiff objects to this request to the extent it seeks information protected by the
15   attorney-client privilege and/or work product doctrine. Plaintiff also objects to this
16   request as premature.  Discovery has just begun and Plaintiff has not yet fully
17   completed her investigation.
18       Subject to and without waiving the foregoing objections, Plaintiff responds
19   as follows: Responding party has conducted a diligent search and reasonable
20   inquiry, and will produce the documents currently in responding party's
21   possession, custody and control that are responsive to this demand.  Responding
22   party also refers propounding party to documents in propounding party's
23   possession, custody, and control.  Responding party also refers propounding party
24   to documents in the possession, custody and control of prospective Class
25   Members.  Responding party's investigation and discovery are continuing.
26   **REQUEST FOR PRODUCTION NO. 10:**
27
28
     Case No. 11-1032-VBF-PJWx                    Page 13

1   All DOCUMENTS CONCERNING the Technical Service Bulletin,
2   including any previous or subsequent versions thereof, referenced in paragraphs 9-
3   14 13, 55-60, and of the COMPLAINT.
4   **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.**
5   **10:**
6       Plaintiff incorporates by reference as though fully set forth herein the
7   General Objections set forth above.  Plaintiff objects to this request on the grounds
8   that it is overly broad.  Plaintiff objects to this request to the extent it seeks
9   documents that are not within Plaintiff's possession, custody or control.  Plaintiff
10  objects to this request to the extent the requested documents are in the sole
11  possession, custody, or control of Defendant, its dealers, who are its agents for
12  vehicle repairs in California, and Defendant's parent and sister companies,
13  including Daimler AG.  Defendant is the distributor and servicer of the subject
14  vehicles in the United States and, pursuant to the Song-Beverly Act, is obligated
15  to keep the requested documents.  Plaintiff objects to this request to the extent it
16  seeks to limit the alleged radiator defect to Defendant's interpretation of the DTB.
17  Plaintiff objects to this request to the extent it seeks expert testimony.  Plaintiff
18  objects to this request to the extent it seeks Plaintiff to speculate.  Plaintiff objects
19  to this request to the extent it seeks information protected by the attorney-client
20  privilege and/or work product doctrine. Plaintiff also objects to this request as
21  premature.  Discovery has just begun and Plaintiff has not yet fully completed her
22  investigation.
23      Subject to and without waiving the foregoing objections, Plaintiff responds
24  as follows: Responding party has conducted a diligent search and reasonable
25  inquiry, and will produce the documents currently in responding party's
26  possession, custody and control that are responsive to this demand.  Responding
27  party also refers propounding party to documents in propounding party's
28  possession, custody, and control.  Responding party also refers propounding party

Case No. 11-1032-VBF-PJWx                    Page 14